· AMERICAN LUMBER & MANUFACTURING COMPANY, Respondent, v. WYOMING COUNTY NATIONAL BANK AND TRUST COMPANY OF WYOMING COUNTY, Appellants.— Judgment and order affirmed, with costs. Memorandum: The action is for conversion. Plaintiff, through mistake, delivered a carload of lumber to one of its customers. The customer offered to return the lumber to plaintiff if plaintiff would agree to pay the necessary expenses, or to store the lumber for plaintiff without charge. Whether subsequent correspondence and conduct between plaintiff and its customer in respect to the lumber, resulted in the passing of the property in the lumber from plaintiff to its customer, was a question for the jury. The lumber was sold under an execution levied under a judgment in favor of a creditor of plaintiff's customer. Defendants claimed title by virtue of the execution sale and refused plaintiff's demand for the surrender of the lumber. The record discloses sufficient evidence to support the finding of the jury that title did not pass from plaintiff to its customer and that defendants converted plaintiff's property to their own use. All concur. (The judgment is for plaintiff in an action for conversion. The order denies a motion for a new trial.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

RAYMOND G. SMITH, an Infant, by SEWARD F. SMITH, His Guardian ad Litem, Respondent, v. BOARD OF EDUCATION OF VAN HORNESVILLE CENTRAL SCHOOL DISTRICT No. 1, TOWN OF STARK, Appellant.— Judgment and order affirmed, with costs. Memorandum: A high school student eighteen years of age, in charge of a shooting gallery operated in connection with a carnival conducted by students and held on school grounds with the approval of the defendant board of education, was accidentally shot and hurt by a visitor who patronized the shooting gallery. Negligence of the defendant is predicated upon its failure to regulate and supervise the shooting gallery. The record presents a question of fact whether the proximate cause of plaintiff's injury was a breach of duty by the defendant and we cannot say that the jury erred in its answer to that question. Nor can we say, as matter of law, that the proximate cause of plaintiff's injury was his own contributory negligence or his self-exposure to a known risk. All concur. (The judgment is for plaintiff in an action for damages for personal injuries sustained by reason of being hit by a bullet from a shooting gallery operated in connection with a carnival on school grounds. The order denies a motion for a new trial.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.